UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAENZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>    Defendants. | Case No. EDCV 10-00695 JST (AN)<br><br>ORDER OF DISMISSAL |

    On May 7, 2010, Plaintiff, a pro se litigant, commenced this action by filing his complaint. The court's records reflect that none of the 21 named defendants have been served with the summons and complaint within 120 days of the date the complaint was filed, which was September 4, 2010, in violation of Fed. R. Civ. P. ("Rule") 4(m).

    Rule 4(m) expressly provides, in relevant part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The court is only required to extend the time for an appropriate period "if the plaintiff shows good cause for the failure." Rule 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The court must consider whether a plaintiff

has shown good cause for the delay in service of process on a case-by-case basis. *In re Sheehan*, 253 F.3d at 512. To justify more time for service of a complaint based on "good cause," a plaintiff may "be required to show that: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir.1991) (analyzing Rule 4(j), the predecessor of Rule 4(m).)

However, the court cannot even serve Plaintiff with notice or an order to show cause regarding his failure to comply with Rule 4(m) because Plaintiff has also failed to provide the court with a current address where mail can be delivered to him.

Specifically, on or about May 10, 2010, the court served Plaintiff with its notice referring this matter to the magistrate judge (dkt. 3), however, on May 21, 2010, the United States Postal Service returned it as undeliverable at the address Plaintiff provided to the court (dkt. 4). Likewise, on or about August 12, 2010, the court served Plaintiff with a service copy of the Chief Judge's transfer order (dkt. 5) that transferred this case to District Judge Josephine Staton Tucker. However, on August 19, 2010, the United States Postal Service returned the transfer order because mail cannot be delivered to the address provided by Plaintiff (dkt. 6).

Plaintiff's failure to provide the court with a current address where he can be served constitutes a violation of Local Rule 41-6, which requires pro se plaintiffs to provide the court and opposing parties with a current address where they can be served with papers. Local Rule 41-6 further provides that "[i]f mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution." The fifteen day period has long since passed for both of the court documents that were returned as undeliverable, and Plaintiff has not provided written notice of a deliverable current address within the required time.

In addition to violating Local Rule 41-6, the court finds Plaintiff's failure to provide the court with a current address where mail can be delivered to him also violates Rule 1 by interfering with the court's statutory duty to administer its case load and "to secure the just, speedy, and inexpensive determination of every action and proceeding." Plaintiff's corresponding failure to serve the summons and complaint on any of the 21 named defendants in the time and manner required by Rule 4(m) also manifests a failure to prosecute and another ground for dismissing the action pursuant to Rule 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

Based upon the foregoing, the action is dismissed for failure to serve any of the defendants within the time and manner required by Rule 4(m) and for want of prosecution. The clerk is directed to enter a judgment of dismissal.

IT IS SO ORDERED.

DATED: September 15, 2010

JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge